IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

JACQUELINE JACKSON,
an individual,

        Plaintiff,

v.

ENHANCED RECOVERY CORPORATION,

        Defendant.

Case No.: 3:10-cv-1705 JCH

310CV01705 JCH

## NOTICE OF REMOVAL

NOW COMES Defendant Enhanced Recovery Corporation ("Defendant"), and hereby files its Notice of Removal of this action from the Superior Court, J.D. of New Haven, at New Haven, which is returnable on November 9, 2010, to the United Stated District Court, District of Connecticut, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. As grounds therefore, Defendants state the following:

1. On or about September 28, 2010, Jacqueline Jackson ("Plaintiff") served a Summons and Complaint against Defendant, venued in the Superior Court, J.D. of New Haven, at New Haven. The action is entitled "Jackson, Jacqueline v. Enhanced Recovery Corporation," and is returnable on November 9, 2010. The Summons and Complaint were served on the Office of the Secretary of the State of Connecticut as the Statutory Agent for the Service of Process for Defendant on October 7, 2010. Therefore, Defendants show that in conformity with 28 U.S.C. §1446(b), this Notice of Removal is filed within thirty (30) days from the date of service of suit on Defendant.

2. True and legible copies of all of the process, pleadings, orders and other papers or exhibits of every kind, on file in the state court and known to have been served by, or upon Defendant, are attached hereto as Exhibit "A," pursuant to 28 U.S.C. §1446(a). Defendant is aware of no further proceedings in the foregoing-described civil action. Defendant is not aware of any pending motions in this action. Defendant has attached hereto as Exhibit "B" a Statement of Pending Motions.

3. This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. §1441(b), as this civil action involves a federal question. Therefore, this action is removable to this Court.

4. Pursuant to 28 U.S.C. §1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Moreover, 28 U.S.C. §1441(c) provides, in pertinent part, "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed…"

5. Plaintiff's Complaint alleges that Plaintiff was subjected to illegal actions by Defendant including illegal debt collection actions, violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. The Fair Debt Collection Practices Act arises under the laws of the United States. Therefore, pursuant to 28 U.S.C. §1441(b), those claims are removable without regard to the citizenship or residence of the parties.

6. Plaintiff's Complaint contains additional allegations that Plaintiff was subjected to illegal actions by Defendant including illegal debt collection actions violating the Connecticut General Statutes, C.G.S. § 36a-800 et seq. These allegations, as well as the causes of action

alleging violations of Fair Debt Collection Practices Act, arise from the same basic set of facts. Therefore, pursuant to 28 U.S.C. § 1441(c), the entire case may be removed.

7. Defendant has complied with all conditions precedent to removal.

8. Defendant has given written notice of the filing of this Notice of Removal to the Plaintiff by notifying her attorney of record, Theresa Rose DeGray, 29 Soundview Road, Suite 11B, Guilford, Connecticut 06437.

9. Defendant will file a Notice of Filing Notice of Removal ("Notice of Filing") with the Superior Court, J.D. of New Haven, at New Haven, the court from which this action is being removed after the Summons and Complaint are returned to that court. A copy of the Notice of Filing is attached hereto as Exhibit "C".

WHEREFORE, Defendant prays that this case proceed in this Court as an action properly removed thereto.

Dated: October 27, 2010

SMITH, GAMBRELL & RUSSELL, LLP

_____
Jonathan Kline, Esq.
Fed. Bar No. ct 4791
250 Park Ave., Suite 1900
New York, NY 10177
Tel.: 212-907-9707
Fax: 212-907-9807
jkline@sgrlaw.com

Attorney for Defendant Enhanced Recovery Company

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 27th day of October, 2010, he caused a true and correct copy of the foregoing Notice of Removal to be sent via Certified United States Mail, Return Receipt Requested, postage prepaid, to the following:

>Theresa Rose DeGray
>29 Soundview Road, Suite 11B
>Guilford, Connecticut 06437.

_____

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-09
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. Secs. 3-1 through 3-21, 8-1

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

See page 2 for instructions

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street  New Haven, 06510 | 203-503-6800 | Month 11 / Day 09 / Year 2010 |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| ☒ Judicial District   ☐ Housing Session | G.A. Number: | New Haven | Major: M   Minor: 90 |

For the Plaintiff(s) please enter the appearance of:

Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip)
**Consumer Legal Services, LLC, 29, Soundview Rd., Ste 11B., Guilford, 06437**

Juris number (to be entered by attorney only): **430221**

Telephone number (with area code): **203-458-8200**

Signature of Plaintiff (if self-represented):

Number of Plaintiffs: **1**    Number of Defendants: **1**    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Jackson, Jacqueline  Address: 104 Hesse Road; Hamden; CT; 06517 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: Enhanced Recovery Corporation  Address: 8014 Bayberry Road;  FL; 32256 | D-50 |
| Additional Defendant | Name:  Address: | D-51 |
| Additional Defendant | Name:  Address: | D-52 |
| Additional Defendant | Name:  Address: | D-53 |

**Notice to Each Defendant**

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ ☐ | Name of Person Signing at Left: **Theresa Rose Nickols DeGray** | Date signed: **09-28-10** |
|---|---|---|---|

If this Summons is signed by a Clerk:
c. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
d. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date
ATTEST:
A TRUE COPY
JOSEPH MUSUMECI
CONNECTICUT MARSHAL
HARTFORD COUNTY

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date |
|---|---|---|

Name and address of person recognized to prosecute in the amount of $250
**Ernest L. Nickols 11 Beverly Place Bridgeport, CT 06610**

| Signed (Official taking recognizance; "X" proper box) | ☒ Commissioner of the Superior Court  ☐ Assistant Clerk | Date: **09-28-10** | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: NOVEMBER 9, 2010 | SUPERIOR COURT |
| JACKSON, JACQUELINE | J. D. OF NEW HAVEN |
| V. | AT NEW HAVEN |
| ENHANCED RECOVERY CORPORATION | SEPTEMBER 28, 2010 |

## COMPLAINT

1. The Plaintiff seeks relief pursuant to the Connecticut General Statutes (C.G.S. § 36a-800 et seq., § 36a-645 et seq. and § 42-110a et seq.) and the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

2. The Court has jurisdiction pursuant to 15 U.S.C. § 1692K and 28 U.S.C §§'s 1331 and 1367.

3. The Plaintiff is a "consumer debtor" and/or "consumer" as defined by the Connecticut General Statutes (C.G.S. § 36a-800 et seq.) and/or the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.), residing in Hamden, Connecticut.

4. The Defendant has a business address of Enhanced Recovery Corporation, , 8014 Bayberry Road, Jacksonville, Florida 32256, and is a "debt collector" as defined by the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.).

5. The Defendant sent the Plaintiff a dunning letter dated June 4, 2010; See Exhibit A.

6. The contents on the front of said letter had the quality and tone of immediateness and did not explain to the consumer debtor, nor make reference to the consumer debtor of, the 30-day validation notice.

7. The FDCPA requires that credit collectors notify consumer debtors of their rights to validation of the debt in within five days of the initial communication with the consumer debtor.

8. Said letter did contain the 30-day validation notice but was printed on the back of the letter and obscured and overshadowed by numerous payment options and a variety of state laws regarding debt collection.

9. The letter stated on the front to "Notice - see reverse side for important information and consumer rights." This is overshadowed by both the print on the front of the letter and on the reverse side.

10. The immediateness of the letter, coupled with the location of the 30-day notice, is contradictory and confusing to the least sophisticated consumer.

11. The Defendant's letter states on the top in bold caps: "Repayment Opportunity." However, the letter does not make any reference to the most important purpose of the communication which is the debtor's ability to dispute the validity of the debt within 30-days of receipt of the notice. This is a violation of 15 U.S.C. §1692g. et al.

12. All of the Defendant's acts, or omissions to act, averred in this complaint are harassing, oppressive, unfair, deceptive and/or unconscionable.

13. Any and all of the Defendant's acts, or omissions to act, averred in this complaint caused damage to the Plaintiff.

14. All of the Defendant's acts, or omissions to act, averred in this complaint caused intentional infliction of emotional distress to the Plaintiff.

15. All of the Defendant's acts, or omissions to act, averred in this complaint caused negligent infliction of emotional distress to the Plaintiff.

16. The Defendant's acts, or omissions to act, violated the Connecticut General Statutes and/or the Fair Debt Collection Practices Act.

17. As a result of its acts, or omissions to act, the Defendant is liable to the Plaintiff pursuant to Connecticut General Statutes and/or the Fair Debt Collection Practices Act.

WHEREFORE, the Plaintiff claims:

1. Money damages;
2. Statutory damages;
3. Actual damages;
4. Attorneys fees;
5. Such other relief as the Court may find in law or equity.

THE PLAINTIFF
Jacqueline Jackson

By: _____
THERESA ROSE DEGRAY
Consumer Legal Services, LLC
29 Soundview Road, Suite 11B
Guilford, CT 06437
Tel: 203-458-8200
Fax: 203-738-1062
Juris No.: 430221

ATTEST:
A TRUE COPY
JOSEPH MUSUMECI
CONNECTICUT **MARSHAL**
HARTFORD COUNTY